NANCY DAVIS SEYMOUR, APPELLANT, v. TOBIN QUARRIES, INC., RESPONDENT.—123 S. W. (2d) 628.

Kansas City Court of Appeals.   January 9, 1939.

574

*G. C. Sparks, R. E. Culver* and *Petree & Wright* for appellant.

*Ed. Kelso, D. D. Cross* and *DuBois & Miller* for respondent.

SHAIN, P. J.—We are called upon in this case to review the action of a Circuit Court who has ignored the provisions of section .1003, Revised Statutes of Missouri 1929, and given a.new trial after verdict and judgment for plaintiff.

It appears that the plaintiff herein executed a lease or grant to the defendant for the exclusive right to remove, quarry and remove rock on plaintiff's farm in Holt County, Missouri. The land leased is described as follows, to-wit:

"Section 4, Township 59, Range 38, containing five acres more or less, for a term of one year beginning 30 days of Oct. 1933, and ending 30 days of Oct. 1934, lessee shall have the right to renew this lease upon giving lessor thirty days written notice before the expiration of this lease."

It appears that a question arose concerning the dumping of dirt and refuse incident to quarrying. The plaintiff bases her cause of action on an alleged oral contract with defendant touching the placing of the dirt and refuse. The allegations of plaintiff as to the oral contract are as follows:

"That defendant would be permitted to deposit a large amount of dirt on the yard in front of plaintiff's dwelling and extending to the west along the edge of the bluff from the said dwelling of the plaintiff, and defendant agreed that in consideration of being permitted to deposit the dirt upon the yard and lots of defendant that they would grade the yard and lot on a gradual slope from the dwelling and from the bluff to the north and west of the dwelling down to the road above referred to and cover the surface with top soil and put it in the shape that it could be put in grass as it had been before the contract was entered into; that the defendant did remove a large amount of dirt and dumped it in a large pile on the lot to the west of the dwelling house and failed and refused to fill in the lot in front of the house as it had agreed to do and to grade down the remainder of the lot to the west of the house upon which the dirt was piled, or to cover the dirt to be placed on said yard with black soil so it would grow grass."

The prayer to plaintiff's petition is as follows:

"Wherefore, all the premises considered plaintiff states that she has been damaged by the default and miscarriage of defendant as above set out in the sum of Fifteen Hundred Dollars ($1500.00) for which she asks judgment together with her costs."

The defendant joins issue by admitting the agreement in writing to quarry and remove rock and makes general denial of .the oral contract. Defendant for further answer specially denies as to the oral contract. Further answering defendant alleges that the dumping and deposit of dirt and refuse was incidental to the written contract and a part of and necessary in the quarrying of the rock and that all

that was done and performed by defendant was under the terms of and in pursuance of the written contract.

Further answering defendant alleges as follows:

"Further answering plaintiff's said petition, defendant states that the alleged verbal contract in plaintiff's said petition is wholly without consideration, that plaintiff did not thereunder pay to defendant or part with or deprive herself of anything of value and defendant did not receive anything of value or any benefit whatever."

Trial under the issues joined was before a jury. Verdict was for plaintiff in the sum of $800. Judgment was in accordance.

Defendant filed motion for new trial and same was granted and from the action of the Court in granting a new trial plaintiff appeals.

## OPINION.

In our opinion we will continue to designate appellant as plaintiff and respondent as defendant.

The fact that the trial court has assigned no reason for his action has necessitated a careful study of the record.

The case was submitted at the close of the plaintiff's evidence. During the cross-examination of plaintiff's witnesses the defendant placed in evidence numerous photographs showing conditions of plaintiff's premises after dumping was done.

The record shows that the plaintiff presented her case in accordance with her pleadings. The evidence of plaintiff and her husband is clearly to the effect that the oral contract alleged was duly made with Mr. Lynch, Superintendent in charge of all operations and it is shown that that the negotiations resulting in the entering into of the written lease was with Mr. Lynch.

Objections were made by defendant upon the alleged ground that Mr. Lynch had not authority to bind defendant in an oral contract. However the evidence we conclude is ample as to Mr. Lynch's authority to enter into such a contract. We, therefore, conclude that there is no grounds presented for granting of new trial based upon want of authority in Mr. Lynch.

The evidence presents much testimony to the breaching of the oral contract by defendant and the testimony of damage for breach exceeds the amount of verdict and judgment. We therefore conclude that unless the trial court, who was present, presiding and with opportunity to see and observe the witnesses, concluded their testimony to be false, that plaintiff clearly made a case for the jury.

Throughout the trial the defendant's counsel continually interposed objections to the evidence upon the theory that the yard of plaintiff was part of the ground leased for the quarry and that the dumping of the refuse upon plaintiff's yard was in accordance with the written lease. So insistent was counsel on this point that a larg-

er portion of the record herein is composed of repeated objections and colloquy between court and counsel.

Much confusion arises by reason of repeated objections after the Court has directly ruled on the question. The defendant at the close of plaintiff's testimony, in addition to asking a general demurrer, offered one instruction directly upon the theory that all that was done was done and performed under the written lease and one instruction based upon the lack of authority of Lynch to bind defendant in the alleged oral contract.

An examination of the testimony shows that all of the testimony is to the effect that plaintiff's yard was no part of the ground leased. Further an examination of the contract shows that therein is found no provision that would justify dumping the refuse upon plaintiff's yard. As before stated testimony from which authority of Lynch can be inferred is ample. Again we conclude that no grounds for granting a new trial is presented in respect above, unless the trial court concluded the testimony false.

We conclude that the instructions offered by defendant were rightfully refused and that the instructions given for plaintiff were proper.

With our conclusions as above set forth, we are confronted with the often repeated declarations of courts of review touching the granting of a new trial by the trial court after the first trial of a cause.

The trial court is the peoples forum and the presiding judge therein has opportunity of observing matters incident to trial, hears the witnesses and observes their conduct. In fact the trial court is in a position to pass upon matters that no court of review can grasp by a review of the cold record before the court.

Due to the above well known situation, appellate courts have deemed it a wise course to give due consideration of the better opportunity of the trial court to see, hear and observe and to be reluctant in convicting the trial court of error in granting the first new trial in a cause.

As stated in Huran v. Ry., 155 Mo. 216, 55 S. W. 1035, appellate courts, in passing upon the action of the trial court in granting, confine their deliberations to judicial errors and failure of evidence. In the case at bar we find no judicial error in matters of law and we are left to consideration of failure of evidence.

A trial court in granting of a new trial may do so on consideration of weight of evidence. With the exception of in equity cases appellate courts can not interfere if there be shown any substantial evidence.

In passing upon new trial the trial court may grant same on his conclusion that material evidence is false based upon his observation of the witness. Before appellate courts give such consideration the printed record must clearly show perjury.

In Harris v. McQuay, 242 S. W. 1011, it is held that as to the first granting of a new trial, appellate courts may indulge in the presumption that the new trial was granted by reason of insufficiency of evidence. Evidence may be insufficient by reason of false swearing.

There are two sections of our statutes governing the action of a trial court in granting of new trial.

Under the provisions of Section 1002, Revised Statutes Missouri 1929, it would appear to be that there is no limit on the power of the court to grant a new trial on either of the grounds therein set forth. One of the grounds enumerated is that if the court is satisfied that perjury or mistake has been committed by a witness, and is also satisfied that an improper verdict or finding was occasioned by any such matters and that the party has a just cause of action or defense, it shall, on proper motion of the proper party grant a new trial, . . .''

Section 1003 following restricts as to granting of a second new trial. Section 1003 is not involved herein.

The motion for a new trial filed by defendant in the lower court assigned among other things as follows: ''Because the verdict in said cause is against the evidence, the weight of the evidence and the law under the evidence.''

The defendant in its brief herein urges as to the above. Based solely upon the ground stated above and the deference due the trial court and further, due to the fact that we indulge in the presumption that the new trial was granted by reason of the insufficiency of evidence as judged by the trial court who had an opportunity to judge as to perjury or mistake on part of witnesses, we feel impelled to sustain the action of the trial court.

As this case will probably be again tried, we call attention to the fact as shown by the record before us that questions were directly asked witnesses touching elements of damages as to grading and top surfacing of the yard in question that were never answered by reason of interruptions occasioned by repeated objections based upon the defendant's theory. The only questions permitted to be answered was as to the cost of removal of surplus dirt and refuse and while the testimony as to the cost of this removal exceeds the amount of judgment given, still the record is blank as to the cost of grading and surfacing. On a retrial such evidence should be permitted.

Further in the trial defendant urged that the element of damages was based upon depreciation of value in real estate as in tort. This is an action for damages for breach of the contract and was properly submitted as such.

For reasons given above the judgment granting a new trial is affirmed. *Shain, P. J.,* and *Bland, J.,* concur; *Kemp, J.,* not sitting because not a member of the court when argued and submitted.